analyzes this situation. The syllabus reads as follows:

"A woman having a husband living at the time of her second marriage, is not entitled to dower in the real estate of her second husband; the second marriage being **absolutely void**, notwithstanding the provisions of the first section of the act relating to divorce, and the seventh section of the crimes act relating to bigamy."

(The black face is ours).

We also cite the following as supporting the Ohio rule that a bigamous marriage is void ab initio.

18 R.C.L., 412:

L.R.A., 1916—C, page 711:

9 R.C.L., 274

Counsel for defendant cite the case of Lehman v Lehman, 225 Ill. App., 514. This case is claimed to be identical in its facts with the case at bar. We think there are substantial distinguishing facts. In the reported case the wife procured a divorce in Illinois, and under the law of that state a divorced person is not permitted to marry within one year. This woman, after procuring her divorce, three months thereafter married at Newark, New Jersey, and continued her marital status for fifteen months in New York and Maine. She then returned to Illinois and procured an annullment of her second marriage, on the ground that it had been contracted within a year after her divorce and in violation of the statutes of the State of Illinois. This marriage in New Jersey was lawful and the cohabitation of the parties in New York or any other place outside of Illinois would be no infraction of the law. The second marriage was not bigamous, nor was it void ab initio. At most, it was only voidable.

After annullment of her marriage in Illinois she sought to recover monthly payments provided for in the articles of separation with her first husband. Under the terms of this agreement the payments were to be discontinued on her remarriage. In the reported case recovery was denied and in this conclusion, under the facts stated, this court would have no difficulty in concurring in the judgment. In the reported case the plaintiff was seeking to take advantage of her own wrong. She would be chargeable with knowledge of the law of Illinois, where she resided and procured her divorce. Her articles of separation and agreement with her former husband would be general in character and operation. The provision therein that upon her remarriage monthly payments should cease, meant a legal marriage. There was a legal marriage followed by legal cohabitation. The fact that it was subsequently annulled as violative of the divorce decree entered in the State of Illinois, would not render it void ab initio. In so far as the reported case bases its conclusion on a determination that the word "remarries," as contained in the contract, was intended by the parties to refer to the ceremony or act of marriage as distinguished from the status or relation thereafter, we can not accept it as controlling law in the instant case. We quote from the case of **Umbenhower v Umbenhower, 12 C.C. (N.S.), 289-294:**

"Marriage, strictly speaking, is not the mere civil contract, but is a status created by contract."

Also see **38 Corpus Juris, 1272 to 1294.**

"The performance of the mere ceremony does not constitute a marriage. It must follow and be founded on contract."

**Unbenhower v Labus, 84 Oh St, 238-243.**

"Marriage, in contemplation of present day law is a civil contract—nothing more."

**Charrier v State, 29 O.C.A., 97-100.**

In addition to the authorities cited we have examined the very able and comprehensive opinion of the trial court and fully agree with his conclusions and determination.

Finding no prejudicial error, the judgment of the trial court will be affirmed, at costs of plaintiff in error.

Exceptions will be allowed.

KUNKLE, PJ, and HORNBECK, J, concur.

## DeRAN v STAHL

Ohio Appeals, 6th Dist, Sandusky Co

Decided Nov 6, 1934

## DOUGLAS v WILSON

Ohio Appeals, 9th Dist, Summit Co

No 2487. Decided April 25, 1935

E. F. Mooneyham, Akron, for plaintiff in error.

W. H. Crawford, Akron, and Scott D. Kenfield, Akron, for defendant in error.

Hal C. DeRan, Fremont, for plaintiff in error.

Stahl, Stahl & Stahl, Fremont, for defendant in error.

For full opinion see 3 OO 199; 49 Oh Ap 262.